UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:10cv564
(3:06cr360)

| | |
|---|---|
| JEROME GILL, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. )<br>_____) | O R D E R |

**THIS MATTER** is before the Court on initial review of Petitioner's Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 and Motion for the Appointment of Counsel. (Doc. Nos. 1 and 2).

Rule 4 of the Rules Governing Section 2255 Cases, directs courts to examine such petitions promptly. When it plainly appears that a petitioner is not entitled to relief, the motion must be dismissed. For the reasons stated below, Petitioner's Motion to Vacate will be dismissed as time-barred and his Motion for the Counsel will be denied as moot.

Petitioner pled guilty to Counts One and Two of the Bill of Indictment on December 14, 2006. (Case No. 3:06cr360, Doc. No. 15: Acceptance and Entry of Guilty Plea). Petitioner was sentenced to 151 months on each count to run concurrently and the Judgment was entered on May 23, 2007. (Id., Doc. No. 20: Judgment). Petitioner did not file a direct appeal of his conviction and sentence, but rather filed the instant motion on November 8, 2010. (Doc. No. 1).

The Antiterrorism and Effective Death Penalty Act (the "AEDPA") imposes a 1-year statute of limitations period for the filing of a motion to vacate. Specifically, the AEDPA provides:

A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of–

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255.

A judgment of conviction becomes final when the time for seeking review expires. Clay v. United States, 537 U.S. 522, 525, 532 (2003). Here, Petitioner did not file a direct appeal, so the Judgment became final on June 7, 2007, ten days after it was entered. Fed. R. App. P. 4(b)(1)(A)(1) & (6) (then providing a 10-day period after entry of Judgment in criminal case for giving notice of appeal); Fed. R. App. P. 26; Fed.R.Crim.P. 45(a) (then excluding intermediate Saturdays, Sundays and legal holidays from computation of filing deadlines when the period is less than 11 days). Thus, his Motion to Vacate was due on June 7, 2008, but not filed until November 8, 2010, more than two years late.

The form utilized by Petitioner prompted him to explain why the one-year statute of limitations does not bar his motion. (Doc. No. 1: Question 18). In response, Petitioner stated "[i]nadvertance" and then alleged errors of counsel at his sentencing hearing. (Id.). The Fourth Circuit has recognized that the current form provides the notice required by Hill v. Braxton, 277

2

F.3d 701, 706 (4th Cir. 2002), in the ordinary case.[1] Bilal v. North Carolina, 287 F. App'x 241, 243 (4th Cir. 2008). Petitioner's candid response indicates an understanding of the question asked and clearly attributes his failure to file a timely motion to his own inadvertance.

A court may address the statute of limitations issue sua sponte if it is "indisputably clear" that the motion is untimely and cannot be saved through equitable tolling. United States v. Sosa, 364 F.3d 507, 511 (4th Cir. 2004). As detailed above, the motion was clearly untimely. In order to apply equitable tolling, a petitioner must present "'(1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time." Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003) (en banc). Such relief is sparingly granted, United States v. Prescott, 221 F.3d 686 (4th Cir. 2000), and is reserved for those rare situations where circumstances beyond the party's own conduct would make it unconscionable to enforce the limitation period and gross injustice would result, Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000).

Here, Petitioner's inadvertance is not extraordinary nor beyond his control. Thus, it is not unconscionable to enforce the limitations period against him. Lack of legal knowledge does not warrant equitable tolling, Sosa, 364 F.3d at 512, neither does ineffective assistance of counsel, Beery v. Ault, 312 F.3d 948, 951 (8th Cir. 2002) (citing Harris, 209 F. 3d at 331). Accordingly, the Court finds that it is indisputably clear that Petitioner's Motion to Vacate is untimely and does not qualify for equitable tolling.

---

[1] In Bilal the court found that the petitioner's ambiguous response to Question 18 obligated the district court to inquire further of the petitioner before dismissing the motion sua sponte, but limited its holding to the "narrow circumstances" of that case. 287 F. App'x at 249.

**IT IS, THEREFORE, ORDERED** that Petitioner's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 is DISMISSED; and Petitioner's Motion for the Appointment of Counsel is DENIED as moot.

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, this Court declines to issue a certificate of appealability as Petitioner has not has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 484-85 (2000) (in order to satisfy § 2253(c) when a court denies relief on procedural grounds, a petitioner must demonstrate both that the dispositive procedural ruling is debatable, and that the petition states a debatable claim of the denial of a constitutional right).

Signed: November 15, 2010

Robert J. Conrad, Jr.
Chief United States District Judge